IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02871-CMA-KMT

BANK OF COLORADO, a Colorado corporation,

    Plaintiff,

v.

WIBAUX 1, LLC, a Montana limited liability company,
JEFFREY W. BERGER, *a/k/a* Jeff Berger,
TAMI M. BERGER *a/k/a* Tami Berger,
PRO-FRAC HEATING & TRUCKING, LLC, a North Dakota limited liability company,
and
UNITED STATES OF AMERICA, acting through the Internal Revenue Service,

    Defendants.

---

**ORDER DENYING IN PART AND GRANTING IN PART CERTAIN DEFENDANTS' MOTION TO STAY BRIEFING AND DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendants Wibaux 1, LLC's and Pro-Frac Heating and Trucking, LLC's Motion to Stay Briefing and Decision on Plaintiff's Motion for Summary Judge Pending Resolution of Outstanding Motions Or, in the Alternative, to Extend Defendants' Response Deadline ("Motion to Stay"). (Doc. # 78.) The Court denies in part and grants in part Defendants Wibaux 1, LLC's and Pro-Frac Heating and Trucking, LLC's (together, the "LLC Defendants") request.

# I. PROCEDURAL HISTORY

This case has a convoluted procedural history. The Court therefore recounts only the facts necessary to address the instant Motion to Stay.

This action concerns personal and real property located across seven counties in three states, Montana, North Dakota, and South Dakota, owned by all Defendants. (Doc. # 26.) The LLC Defendants are entities wholly owned by Jeffrey and Tam Berger ("the Bergers"). Between 2013 and 2015, Plaintiff Bank of Colorado (alternatively, "the Bank") financed Defendants' acquisition of this property in three multi-million dollar loans. (*Id.*) These loans have been in default for more than one year. In this action, filed November 30, 2017, the Bank ultimately seeks foreclosure on the collateral. (*Id.*)

The case is complicated by a prior-filed, related case pending in the United States District Court for the District of Montana (the "Montana Court"), captioned *Berger, et al., versus Bank of Colorado*, case number CV 17-104-BLG-SPW-TJC (the "Montana Case"), in which Defendants asserted claims against the Bank for negligent misrepresentation, breach of fiduciary duty, fraud and undue influence, breach of the duty of good faith and fair dealing, contractive adhesion, and punitive damages.

Defendants filed with the Montana Court a Motion to Enjoin Piecemeal Colorado Litigation (*i.e.*, the instant litigation) (the "Montana Motion to Enjoin") on December 26, 2018, roughly one month after this action was initiated. (Doc. # 28 at 10; Doc. # 28-3.) In light of motions pending before this Court, the Montana Court held on January 16, 2018:

> Under considerations of comity, the [Montana] Court will defer to the District of Colorado [this Court] to exercise its discretion whether to

2

> transfer, stay, or dismiss the Colorado Action before addressing [the Borrowing Defendants'] Motion to Enjoin Piecemeal Colorado Litigation. The Court will address the motion in due course, if necessary, following the District of Colorado's resolution of the motions now pending before it.

(Doc. # 78-1 at 3.)

Defendants filed a similar Motion to Transfer or Stay Piecemeal Litigation ("Motion to Transfer") in this Court on January 4, 2018. (Doc. # 28.)

On January 9, 2018, on the basis of the Bank's Second Amended Complaint (*id.*) and Colorado Rule of Civil Procedure 104, this Court issued an Order to Show Cause and Preserve Personal Property to Defendants and set a show cause hearing for January 17, 2018. (Doc. # 30.) The Court informed the parties that they were to be prepared to address Defendants' Motion to Transfer at the hearing. (*Id.*) The Bank filed its Response to Defendants' Motion to Transfer on January 12, 2018. (Doc. # 41.)

On January 11, 2018, Defendants filed a Motion to Dismiss Causes for Replevin, Receivership, and Foreclosure for Lack of Subject Matter Jurisdiction and to Dismiss Show Cause Hearing on the Replevin Action or, in the Alternative, to Stay That Hearing (the "Motion to Dismiss"). (Doc. # 40.) The following day, January 12, 2018, the Court denied in part the Motion to Dismiss to the extent that it sought to stay the show cause hearing. (Doc. # 43.) The Court informed the parties that they were to be prepared to also address Defendants' Motion to Dismiss at the hearing. (*Id.*) The Bank filed its Response to Defendants' Motion to Dismiss on January 16, 2018. (Doc. # 47.)

Thus, Defendants' Motion to Transfer (Doc. # 28) and their Motion to Dismiss (Doc. # 40) were set to be argued before the Court on January 17, 2018, and the Bank had filed Responses to both motions (Doc. ## 41, 47).

However, one day before the hearing, on January 16, 2018, the Bergers notified the Court that they had filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Montana (the "Montana Bankruptcy Court"). (Doc. ## 48, 49.) The proceedings in this matter were—and still are—therefore automatically stayed as to the Bergers, pursuant to 11 U.S.C. § 362.

At the hearing on January 17, 2018, the Court and the parties discussed whether the automatic stay pursuant to 11 U.S.C. § 362 also stayed the case as to the LLC Defendants. *See* (Doc. # 50.) The Court ordered the parties to submit simultaneous briefing regarding the reach of the automatic stay by January 24, 2018. (*Id.*)

On January 22, 2018, the LLC Defendants filed a Motion to Stay Case Pending Ruling by Bankruptcy Court Re: Scope of Automatic Stay (Doc. # 54) and, two days later, a brief in support of their Motion (Doc. # 55). The LLC Defendants informed this Court that they had filed with the Montana Bankruptcy Court a motion to extend the automatic stay to include the LLC Defendants. (Doc. # 54 at 2); *see* (Doc. # 54-1.) The Bank responded in opposition to any stay as to the LLC Defendants on January 24, 2018. (Doc. # 56.) On January 25, 2018, the Court granted the LLC Defendants' Motion because it agreed that the scope of the automatic stay was best decided by the Montana Bankruptcy Court. (Doc. # 58 at 4.) The case against the LLC Defendants was thereby stayed, awaiting a decision from the Montana Bankruptcy Court. (*Id.* at 5.)

The Montana Bankruptcy Court decided on April 12, 2018, that the automatic stay did **not** extend to the LLC Defendants. (Doc. # 68 at 2–3); *see* (Doc. # 68-5.) This

Court consequently lifted the stay as to the LLC Defendants on April 18, 2018. (Doc. # 69.)

The Bank filed a Motion for Partial Summary Judgment against the LLC Defendants on April 19, 2018. (Doc. # 71.) Pursuant to D.C.Colo.LCivR 7.1(d), the LLC Defendants had until May 10, 2018, to timely respond to the Bank's Motion for Partial Summary Judgment. On May 8, 2018, the LLC Defendants filed the Motion to Stay presently before the Court. (Doc. # 78.) The LLC Defendants ask the Court to stay the briefing schedule and a decision on the Bank's Motion for Partial Summary Judgment or, alternatively, to extend their deadline to respond to the Bank's Motion for Partial Summary Judgment by 21 days. (*Id.* at 1.) The Bank filed its Response on May 25, 2018. (Doc. # 83.)

Separately, on May 1, 2018, the LLC Defendants filed a Motion for Leave to File Reply Briefs to Responses to Motion to Transfer (Doc. # 28) and Motion to Dismiss (Doc. # 40). (Doc. # 74.) The LLC Defendants argued that "[b]ecause an order granting either of th[o]se Motions would be dispositive of the case, it is imperative that the parties are afforded a fair opportunity to submit briefing to the Court." (*Id.* at 4.) The Court granted the LLC Defendants' request. (Doc. # 77.) The LLC timely replied in support of their Motion to Transfer and Motion to Dismiss on May 18, 2018. (Doc. ## 81, 81.)

## II. <u>LEGAL STANDARD</u>

A court has inherent, discretionary power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (observing

that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). However, stays are generally disfavored in this District. *Orbitcom, Inc. v. Qwest Commc'ns Corp.*, No. 09-cv-00181, 2009 WL 1668547, *1 (D. Colo. June 15, 2009) (citing *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267, 2007 WL 1655362, *1 (D. Colo. June 6, 2007)). A stay may be appropriate in certain circumstances, as was the case previously when the Montana Bankruptcy Court was determining the reach of the automatic stay pursuant to 11 U.S.C. § 362. Where the parties disagree as to the merits of a stay, a court weighs several factors in determining the propriety of a stay. *Id*. (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006)). "The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general." *Id.* The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones, 520 U.S. 681, 707 (1997)*. "In particular," according to the Tenth Circuit, "where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *C.F.T.C. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 2983).

# III. DISCUSSION

## A. LLC DEFENDANTS' REQUEST TO TEMPORARILY STAY ALL ACTION ON THE MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court denies the LLC Defendants' request to stay the briefing schedule and a decision on Plaintiff's Motion for Partial Summary Judgment (Doc. # 71). (Doc. # 78 at 2–3.)

The LLC Defendants ask the Court to put the Motion for Partial Summary Judgment on hold until three outstanding motions are resolved: (1) Defendants' Montana Motion to Enjoin, *see* (Doc. # 28-3); (2) Defendants' Motion to Transfer (Doc. # 28); and (3) Defendants' Motion to Dismiss (Doc. # 40.) (Doc. # 78 at 1–2.) They argue that doing so will "preserve one of the Court's and the parties' scarcest resources: time." (*Id.* at 5.) "There is obviously no sense," the LLC Defendants reason, "in briefing and arguing an issue that may, depending on the disposition of the three pending motions, become moot." (*Id.*)

The LLC Defendants also warn the Court of an "alarming possibility": that "the Bank has fired the starting gun in a race to judgment." (*Id.* at 5.) They describe the Bank's Motion for Partial Summary Judgment (Doc. # 71) as an attempt to "enforce the written terms of three promissory notes" and castigate the Bank for failing to acknowledge to this Court that the LLC Defendants "have asserted a claim for reformation of the terms of those promissory notes based on the Bank's fraud and undue influence in the Montana Action." (Doc. # 78 at 5.) The LLC Defendants assert that "[t]his situation creates a number of problems should this Court choose to progress unimpeded with the Bank's summary judgment proceedings." (*Id.* at 6.) They argue

7

that there is a high risk of inconsistent judgments from this Court and the Montana Court; that this Court could render a void judgment if it proceeds on the Bank's Motion for Partial Summary Judgment, depending on the outcome of their Motion to Dismiss (Doc. # 40); and that should this Court decline to stay proceedings on the Motion for Partial Summary Judgment, the LLC Defendants will seek leave to refile their counterclaims. (Doc. # 78 at 6–7.)

The factors bearing on a grant or denial of a motion to stay, as stated above, weigh against entry of a stay of the Bank's Motion for Partial Summary Judgment. First, the Court observes that the Bank opposes a stay, *see* (*id.* at 2), and assumes, given the Bank's prompt filings and its Response, that the Bank wishes to proceed expeditiously with its case. *See* (Doc. # 83.) This is a reasonable position, as the value of some of the Personal Property Collateral—particularly the livestock and crops, *see* (Doc. # 26 at 10–14)—presumably decreases with each day that the collateral is not cared for. As such, delay may diminish the Bank's ability to recover value lost.

Second, the LLC Defendants do not suggest any undue burden in proceeding with the briefing schedule on the Bank's Motion for Partial Summary Judgment. The time of the LLC Defendants' counsel in responding to the motion is not so special as to warrant a stay. Rather, investing time to respond to a motion is an ordinary burden of litigating a case. *See Orbitcom*, 2009 WL 1668547 at *1. As to the "alarming possibilit[ies]" of which the LLC Defendants warn the Court, *see* (Doc. # 78 at 5–7), the Court rejects the LLC Defendants' prophecies. This Court is committed to deciding the Motion to Transfer (Doc. # 28) and the Motion to Dismiss (Doc. # 40) before it decides

the Bank's Motion for Partial Summary Judgment (Doc. # 71), so the risk of wasted efforts and inconsistent judgments is low. *See Valdez v. Metro. Prop. & Cas. Ins. Co.*, No. CIV 11-0507, 2012 WL 1132408, *1 (D.N.M. Mar. 21, 2012) (denying motions to stay briefing on motions pending resolution of an earlier-filed motion where "the Court committed to deciding the Motion to Remand before it decides them motions to dismiss or for summary judgment.").

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors lead the Court to reach a different result. The Court is inconvenienced by an unnecessary stay because any delay in prosecuting a case makes its docket "less predictable and, hence, less manageable." *Orbitcom*, 2009 WL 1668547 at *2. The Court identifies no particular interest of parties not party to this litigation, but it "identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Id*.

Under these circumstances, the Court concludes that a stay of all action on the Bank's Motion for Partial Summary Judgment is not warranted. See Orbitcom, 2009 WL 1668547 at *2; *Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07-cv-01723, 2009 WL 2843272, *2 (D. Colo. Aug. 31, 2009); *Wason Ranch Corp.,* 2007 WL 1655362 at *2.

**B.   LLC DEFENDANTS' ALTERNATIVE REQUEST TO EXTEND THEIR RESPONSE DEADLINE**

As the Court previously recounted, the Bank filed its Motion for Partial Summary Judgment on April 19, 2018 (Doc. # 71), and the LLC Defendants had until May 10, 2018, to timely file a Response. Two days before that deadline, on May 8, 2018, the LLC Defendants filed the instant Motion to Say instead. (Doc. # 78.)

9

The Court declines the LLC Defendants' request to extend the deadline to file their Response by 21 more days. By the Court's count, 45 days have passed since the Bank filed its Motion for Partial Summary Judgment, and the LLC Defendants fail to assert any reasons why they were unable to respond in this time period. Another 21 days is simply not warranted. The Court will, however, allow the LLC Defendants seven more days to file a Response.

### IV. CONCLUSION

For the foregoing reasons, the LLC Defendants' Motion to Stay (Doc. # 78) is DENIED IN PART and GRANTED IN PART. It is

FURTHER ORDERED that the LLC Defendants' Motion to Stay (Doc. # 78) is DENIED IN PART as to their request to stay all activity on the Bank's Motion for Partial Summary Judgment. It is

FURTHER ORDERED that the LLC Defendants' Motion to Stay (Doc. # 78) is GRANTED IN PART as to their request for an extension within which to file a Response brief to the Bank's Motion for Partial Summary Judgment. The LLC Defendants shall file a Response by June 11, 2018.

DATED: June 4, 2018

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge